UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

   RONALD ZUNNER,                                                        08-10862 B

                      Debtor                                        <u>DECISION & ORDER</u>
------------------------------------------------------

                              Jeffrey Freedman Attorneys
                              Paul M. Pochepan, Esq., of counsel
                              424 Main Street, Suite 622
                              Buffalo, New York 14202
                              Attorneys for the Debtor

                              The Baum Law Firm
                              Ronald W. Zackem, Esq., of counsel
                              220 Northpointe Pkwy, Suite G
                              Amherst, New York 14228
                              Attorneys for HSBC Mortgage Corporation

Bucki, Chief U.S.B.J., W.D.N.Y.

     As the holder of a first mortgage on the debtor's home, HSBC Mortgage Corporation has filed a proof of claim seeking payment in Chapter 13 for pre-petition arrears in the amount of $200. These arrears represent a $100 fee for a title report ordered in anticipation of a foreclosure that the mortgagee never commenced, and $100 as the cost of a Broker's Price Opinion that the lender ordered to determine a current value for its collateral. Ronald Zunner, the debtor herein, objects to both elements of the claim, and asserts that they represent unauthorized expenses for which he should not be charged. For the reasons stated hereafter, this objection is overruled with respect to the title update, but sustained with respect to the Broker's Price Opinion.

     An updated title report is a necessary first step in any foreclosure proceeding. The mortgagee's counsel represents that he ordered the disputed title report in anticipation of foreclosure. Although the debtor appears to have cured any default

08-01862B                                                                                                              2

prior to the commencement of litigation, the title update would have been an appropriate expense at the time that it was incurred. Under the terms of the mortgage, Zunner granted a lien to secure not only his indebtedness, but also an obligation to repay "any amounts that Lender spends under this Mortgage to protect the value of the Property and Lender's rights in the Property." Accordingly, the cost of the title update became a secured obligation that the mortgagee may properly recover as a claim to be paid in chapter 13.

The mortgagee contends also that the court should allow a secured claim for the cost of a Broker's Price Opinion, in that it represents a necessary cost of preserving the collateral. Essentially, a Broker's Price Opinion provides an inexpensive estimate of the value of real estate. But that estimate really does nothing to protect value. Prior to the closing of a loan, an accurate valuation will enable a prospective lender to assess transactional risk and to decide whether to grant credit. After the closing, however, the time has passed during which a lender might use information about value to reduce its exposure. The value of the mortgaged property will be whatever it will be upon foreclosure. The Broker's Price Opinion, therefore, is not an expense that will protect the collateral, and its cost cannot be allowed as a claim under the mortgage.

Based on the foregoing, the court will allow a secured claim for the cost of an updated title report in the amount of $100, but will in all respects disallow the claim for reimbursement of the cost of a Broker's Price Opinion.

So ordered.

Dated:    Buffalo, New York                                          /s/   CARL L. BUCKI
          November 5, 2008                                           Chief U.S.B.J., W.D.N.Y.

Case 1-08-10862-CLB    Doc 44    Filed 11/05/08    Entered 11/18/08 13:46:49    Desc Main
                          Document      Page 2 of 2